**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| 10TALES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:20-cv-810<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff 10Tales, Inc. ("10Tales"), by and through its attorneys, files this First Amended Complaint as a matter of course against Defendants TikTok Inc. ("TI"), TikTok Pte. Ltd. ("TPL"), ByteDance Ltd. ("BL"), and ByteDance Inc. ("BI") (collectively, "Defendants") and hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of U.S. Patent No. 8,856,030 entitled "Method, System and Software for Associating Attributes within Digital Media Presentations" ("the '030 patent," attached as Exhibit 1), arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2. 10Tales—and its founder David Russek—is the pioneering developer of innovative technology used to deploy advanced storytelling through the use of 10 second videos submitted by a network of friends that become shared experiences among the friend network. 10Tales' technology has received numerous accolades from the entertainment industry, including, for

example, the Mobile Excellence Awards. *See* http://10tales.co/10tales.html. David Russek is the inventor of the '030 patent.

10 Tales WHERE YOU AND YOUR FRIENDS BECOME THE STORY

3. 10Tales alleges that Defendants infringe the '030 patent, either literally or under the doctrine of equivalents, by making and using a system that infringes at least claim 1 of the '030 patent, including, *inter alia*, the "recommendation system" used in connection with the TikTok "For You" feed, and indirectly by inducing users of the TikTok software application and website (hereinafter, "app" or "TikTok app") to use the infringing recommendation system.

**THE PARTIES**

4. Plaintiff 10Tales, Inc. is a Delaware corporation that maintains its principal place of business at 18 Coal Street, Middleport, Pennsylvania 17953.

5. On information and belief, Defendant TI is a California corporation with a regular and established place of business in Austin, Texas, and a registered agent for service of process in this District at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. On information and belief, Defendant TPL is a Singapore corporation with its principal place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore 018960.

7. On information and belief, Defendant BL is a Cayman Islands corporation with offices in the United States, including this District.

8. On information and belief, Defendant BI is a Delaware corporation with a regular and established place of business in this District.

**DEFENDANTS, TIKTOK USERS, AND THIS DISTRICT**

9. BL is the parent and owner of TI, BI, and TPL. Exh. 2; Exh. 3, Complaint, *TikTok Inc. and ByteDance Ltd. v. Donald J. Trump and Wilbur L. Ross, Jr.*, Civil Case No. 20-cv-2658, U.S. District Court for the District of Columbia (hereinafter, the "DC Litigation"), D.E. 1, ¶¶ 19, 37; Certificate Rule pursuant to D.D.C. L.R. 26.1, DC Litigation, D.E. 2 (D.D.C.); Exh. 4, Plaintiffs' Amended Corporate Disclosure Statements, *ByteDance, Inc., TikTok, Inc., and Tiktok Pte. Ltd. v. Triller, Inc.*, Case No. 3:20-cv-7572, D.E. 10 (N.D. Cal.); Exh. 5, Notice of Interested Parties, *TikTok Inc. and ByteDance Ltd. v. Donald J. Trump and Wilbur L. Ross, Jr.*, Civil Case No. 20-cv-7672, D.E. 3 (C.D. Cal.).

10. Defendant BL is a global company incorporated in the Cayman Islands, with offices in the United States, China, Singapore, and the United Kingdom, among others. Exh. 3, Complaint, DC Litigation, D.E. 1, ¶ 13.

11. BL developed the TikTok app and operates and controls the TikTok app in the United States through subsidiaries and affiliates such as TI, BI, and TPL. Exh. 3, Complaint, DC Litigation, D.E. No. 1, ¶¶ 13, 20. *See, e.g.*, https://support.tiktok.com/en/using-tiktok.

12. BL operates the TikTok app throughout the United States, including within this District. Exh. 3, Complaint, DC Litigation, D.E. No. 1, ¶ 13. *See id.* at ¶ 1 ("Tiktok[ is] a mobile software application that 100 million Americans use").

13. BL is the owner of a number of U.S. trademark registrations and applications, including, but not limited to, registration nos. 6069518, 5981213, 5981212, 5653614, and 5974902 and application serial nos. 88386254, 88386243, and 88260950. All of these registrations and applications were filed in the name of BL, and all include variants of the "TikTok" name, and all

claim use in commerce pursuant to 15 U.S.C. § 1051(a)(1), filed by BL or by a BL subsidiary or licensee. *See, e.g.*, Exhs. 6-10 (trademark registrations); Exhs. 11-13 (trademark applications).

14. On information and belief, BL controls the majority of the shares or other ownership interest in TI, BI, and TPL and controls or attempts to control the activities of each of them.

15. On information and belief, BL controls the general policies and administration of TI, BI, and TPL.

16. On information and belief, Defendants operate BL's TikTok business in the United States as a joint enterprise. *See, e.g.*, https://www.tiktok.com/transparency?lang=en ("TikTok is a flagship product of [BL]"); *id.* ("TikTok does business through subsidiaries of [BL]").

17. On information and belief, BL shares common officers and/or directors with TI. For example, Vanessa Pappas has testified that she is the "head of TikTok, Inc. and interim head of the global TikTok business for ByteDance Ltd.," (Exh. 14, Declaration of Vanessa Pappas, DC Litigation, D.E. 15-3, ¶ 1), and purports to speak on behalf of TI and BL. For another example, Roland Cloutier has testified that he is the Global Chief Security Officer for TI and that he provides cyber risk and data security support for both TI and BL, and purports to speak for both. Exh. 15, Declaration of Roland Cloutier, DC Litigation, D.E. No. 15-2, ¶¶ 1-3. Among other things, Mr. Cloutier testified that BL personnel provide TI engineering functions that allow BL personnel to access encrypted TikTok user data. *Id.* at ¶¶ 10, 14. For another example, Nicola Raghavan, who purports to be an employee of TI, has filed a declaration in which she makes statements on behalf of both TI and BI. [D.E. No. 23-2 ¶¶ 3, 10-12, 15, 16.] For another example, Erich Andersen is the Global General Counsel for BL and TI. Exh. 16. On information and belief, BL's founder,

Zhang Yiming is an officer or director, directly or through a surrogate, of each of the Defendants. On information and belief, Defendants share additional officers and employees.

18. Ramiro Sarabia, a TI employee, states on his LinkedIn profile that he is the Brand Partnerships Manager at TikTok, Inc. and that he is employed in Austin, Texas. Exh. 17. Other individuals associated with TikTok characterized themselves as being employed by TikTok *and* ByteDance. They do not state that they are employed by TikTok *or* ByteDance. For example, Blake Chandlee refers to himself as the VP of Global Business Solutions "at ByteDance / TikTok." Exh. 18. Ashley Elizabeth Brown refers to herself as the "office administrator at ByteDance / TikTok." Exh. 19. TI has asserted in this action that employees in the Austin office are BI, not TI employees, but those employees refer to themselves as "TikTok" employees, not BI employees. *See, e.g.*, Exhs. 17-19, 20. On information and belief, TI employees perform services for BI, and BI employees perform services for TI.

19. BI has actively solicited the hiring of employees in this District as "ByteDance" employees through the GlassDoor platform and on the www.bytedance.com website. Exhs. 21A, 21B. Such solicitations are separate from solicitations for "TikTok" employees. Exhs. 22A, 22B.

20. On information and belief, TI conducts operations out of the BI offices and/or offices shared with BI in Austin and therefore has a regular and established place of business in this District. [D.E. 23-2, ¶ 11.]

21. TI, BI, and TPL all use the TikTok marks as agents for BL in the manufacture, sale, offer for sale, and/or use of the TikTok app and in the inducement of others to use the TikTok app, including in this District.

22. Defendants actively encourage and induce users to download and use the TikTok app according to instructions for such use made available to users by Defendants. https://support.tiktok.com/en/using-tiktok.

23. Defendants instruct users of the TikTok app to infringe through training videos, demonstrations, brochures, and users guides. *See, e.g.*, Exh. 23, First Amended Complaint, *ByteDance, Inc., TikTok, Inc., and TikTok Pte. Ltd. v. Triller, Inc.*, Case No. 3:20-cv-7572, D.E. 9, ¶ 5 (N.D. Cal.).

24. On information and belief, Defendants intend that app users will use the app pursuant to instructions and videos for use of the app, and other tutorials on how to use the app.

25. Defendants operate the TikTok app in the United States, including in this District. Exh. 3, Complaint, D.C. Litigation, D.E. 1, ¶¶ 1, 20.

26. On information and belief, employees of Defendants, acting in the course and scope of their employment, use and have used the TikTok app in this District, including at their offices within this District.

27. BI "makes" the TikTok app. Exh. 23, at ¶ 7, 23. TI and BI are both responsible for developing and providing the TikTok app. *Id.*, at ¶ 7. TI and BI both support the TikTok app in the U.S. [D.E. 23-1 ¶¶ 3, 15.]

28. On July 8, 2020,[1] the Apple App Store listed TI as the seller of the TikTok app:




*See* https://web.archive.org/web/20200708064126if_/https:/apps.apple.com/lc/app/tiktok-make-your-day/id835599320.

29. The July 8, 2020 archive.org "Privacy Policy" link states that the TikTok app is provided and controlled by TI, and references to "TikTok" are synonymous with references to TI:

[1] As of the date of this First Amended Complaint, the Apple App Store lists TPL, not TI, as the seller of the TikTok app.




*See* https://apps.apple.com/us/app/tiktok-it-starts-with-you/id835599320. Further, the "Privacy Policy" and "Terms of Service" links confirm that the TikTok app is provided and controlled by TI, and that references to "TikTok" are references to TI. https://www.tiktok.com/legal/privacy-policy; https://www.tiktok.com/legal/terms-of-use?lang=en.

# Privacy Policy

(If you are a user having your usual residence in the US)

*Last update: January 1, 2020.*

Welcome to TikTok (the "Platform"). The Platform is provided and controlled by TikTok Inc. ("TikTok", "we" or "us"). We are committed to protecting and respecting your privacy. This Privacy Policy covers the experience we provide for users age 13 and over on our Platform. For information about our under-13 experience ("Children's Platform") and our practices in the United States regarding children's privacy, please refer to our Privacy Policy for Younger Users.

*See* https://web.archive.org/web/20200708054104if_/https:/www.tiktok.com/legal/privacy-policy?lang=en.

30. The "Terms of Service" link provided in the "Privacy Policy" link confirms that references to "TikTok" are synonymous with references to TI:

# Terms of Service

(If you are a user having your usual residence in the US)

*Last updated: February 2019*

## 1. Your Relationship With Us

Welcome to TikTok (the "Platform"), which is provided by TikTok Inc. in the United States (collectively such entities will be referred to as "TikTok", "we" or "us").

*See* https://web.archive.org/web/20200708054107if_/https:/www.tiktok.com/legal/terms-of-use?lang=en.

31. The Terms of Service further provide that the Terms "form a legally binding agreement between you and [TI]," that the user can access the TikTok app only in compliance with the Terms of Service, and that by using the TikTok app the user agrees to the Terms of

Service. *Id.* The Terms of Service expressly grant the user the right to access and use the TikTok app. *Id.*

32. The TikTok app has been widely distributed in this District by BL through its agents, including TI and TPL, using the Apple and Android App stores. For example, in July 2020, Baylor University announced that it had a TikTok account. Exh. 24.


BAYLOR PROUD
CATEGORIES MORE SUBSCRIBE SUBMIT

Introducing Baylor's TikTok account, a new, fun way to engage with future Bears

JULY 22, 2020 // POSTED IN JUST FOR FUN

The demographics of social media are interesting. When it comes to Baylor's accounts, for instance, you'll find mostly parents and alumni engaged on Facebook, young professionals above all on Twitter, and current students mixed with recent graduates on Instagram.

But there's an up-and-coming audience that isn't necessarily active on any of those platforms: prospective students.

If you have a Gen Z-er (ages 5-25) or young Millennial (22-38 years old) in your life, you've likely heard of the latest major social media platform: TikTok. It's marked by short videos that often feature dancing, lip-syncing, and/or comedy. The app has particularly jumped in popularity during COVID quarantine, as people of all ages — stuck inside with not enough to do — found entertainment on the platform.

But even with that recent growth, an overwhelming majority of TikTok users remain part of Gen Z, as the social media platform has become a daily source of communication and entertainment in their lives. To better reach these potential Future Bears, Baylor's social media team recently launched a TikTok account (@baylorU) to introduce prospective students to BU in a fun, entertaining way.

Recent Posts

10 Christmas gift ideas for the Baylor Bear
December 9, 2020

Celebrating a very merry (and very online) Christmas at Baylor in 2020
December 7, 2020

Baylor prof's personal experience gives rare insight into Beethoven's life as a deaf composer
December 4, 2020

How Baylor researchers are working to assess your stress
December 3, 2020

#NextLevelBU: 18 Baylor alumni with NFL franchises in 2020
December 2, 2020

Tweets by @BaylorProud

BaylorProud Retweeted
Craig Smoak
@CraigSmoak
Aranda on defense last week: "I am proud of our defensive staff. I thought our players did a great job of the talk on the sidelines, the focus on the field. I thought guys were locked in the entire time."

*See* https://www2.baylor.edu/baylorproud/2020/07/introducing-baylors-tiktok-account-a-new-fun-way-to-engage-with-future-bears/.

33. In July 2020, San Antonio Magazine reported on a number of local teens who have become famous using TikTok. Exh. 25. On September 1, 2020, MY SA reported on "5 TikTok accounts to follow for San Antonio flavor." Exh. 26. Use of the TikTok app in this District is extensive. *See, e.g.*, Exhs. 27-32.

34. On or about August 24, 2020, TI and BL filed a complaint in the Central District of California seeking to enjoin President Trump's ban on the TikTok app in the United States. Exh. 33, Complaint, *TikTok Inc. and ByteDance Ltd. v. Donald J. Trump and Wilbur L. Ross, Jr.*, Civil Case No. 20-cv-7672, D.E. 1 (C.D. Cal.). On the same day, TI (not BI) issued a press release stating that it had filed the California complaint, providing quotes from the California complaint, and stating that TI was hiring employees through the United States, including in Texas:

> [O]ur more than 1,500 employees across the US pour their hearts into building this platform every day, with 10,000 more jobs planned in California, **Texas**, New York, Tennessee, Florida, Michigan, Illinois, and Washington State[.]

Exh. 34 (emphasis added).

## JURISDICTION AND VENUE

35. 10Tales brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

36. The amount in controversy exceeds $75,000.

37. This Court has personal jurisdiction over Defendants by virtue of Defendants' systematic and continuous contacts with this District.

38. This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, the fact that Defendants have committed, aided, induced, and/or participated in the commission of the tortious act of patent infringement that led to foreseeable harm to 10Tales in this District.

39. On information and belief, Defendants are in the business of providing a video-sharing social networking service through their app in this District, and offer products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in this District. On information and belief, Defendants, Defendants' agents and/or subsidiaries distribute products directly to customers and through their partners and/or

intermediaries located in the State of Texas. On information and belief, Defendants derive significant financial benefits through their business in Texas and in this District.

40. On information and belief, the TikTok app has been downloaded over 175 million times within the United States, with millions of those users of their products and services within the State of Texas, many of whom reside within this District.

41. In early 2020, TikTok leased space at the South by Southwest Center, at 14th and Lavaca, in Austin, Texas and had approximately 100 employees in that office. Exh. 35. On information and belief, Defendants have a regular and established place of business in this District, including offices in Austin, Texas, which Defendants, Defendants' agents or subsidiaries rely upon and use to support their activities within this District that result in patent infringement.

42. Blake Chandlee, who is an authorized corporate signatory for TI and filed an Application for Registration of a Foreign For Profit Corporation with the Texas Secretary of State on behalf of TI,[2] works out of the TI Austin office. Exh. 35. On or about August 8, 2020, Blake Chandlee, VP of TikTok (a/k/a TI) Global Business Solutions, states:

> We're proud to build our presence in Austin and be a part of the thriving business and tech community locally. The Austin community embodies the same creative and entrepreneurial spirit that defines the TikTok community and we are going to do all we can to ensure our company's future in Texas and the U.S. Our goal is to be here for years to come for our users, our creators and for the 1,500 people we currently employ in America, the 10,000 people we intend to hire here, including the hundreds of jobs we're bringing to Austin.

Exh. 38.

---

[2] On November 15, 2019, Blake Chandlee, on behalf of TI, filed its Application for Registration with the Texas Secretary of State "subject to the penalties imposed by law . . . . [and that Chandlee is] certifie[d] under penalty of perjury that [he] is authorized under the provisions of law governing the entity to execute the filing instrument." Exh. 36. Then, on January 6, 2020, Blake Chandlee, on behalf of TI, filed a Certificate of Correction with the Texas Secretary of State. Exh. 37.

43. On information and belief, and as evidenced by Exhibit 22A and Exhibit 22B, Defendants have hired and continue to hire numerous employees within this District,[3] at least some of whom have, are, and will in the future support Defendants' infringing activities within this District that will generate substantial revenue.

44. On information and belief Defendants maintain facilities within this District and have committed acts within this District that give rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants have committed and continue to commit acts of infringement in this District by, among other things, providing their products and/or services that infringe the asserted patent.

45. This court has personal jurisdiction over TPL and BL. As foreign corporations, personal jurisdiction exists over TPL and BL pursuant to Federal Rule of Civil Procedure 4(k)(2). In addition, personal jurisdiction exists over TPL and BL based on the fact that they are responsible for causing patent infringement to occur in the State of Texas and this District.

46. This Court has specific personal jurisdiction over Defendants in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to Defendants' substantial business in this forum and voluntary contacts with this forum, such voluntary contacts, directly or through their subsidiaries and agents, include but are not limited to: (i) at least a portion of the actions complained of herein; (ii) purposefully and voluntarily placing one or more infringing products and/or services into this District and into the

[3] As stated in TI's Terms of Service and consistent with TI's August 24 press release, "TikTok" refers to TI. *See supra*, at ¶ 30. The TI ads for "TikTok" employees on GlassDoor are separate from ads placed for "ByteDance" employees. *Compare* Exhs. 21A *with* 22A. Likewise, "TikTok" has advertised to hire employees in Austin on the tiktok.com website. Exh. 22B.

stream of commerce with the intention and expectation that they will be used by consumers and end users in this District; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services, including the infringing products and/or services, provided to customers in Texas and in this District. Defendants are subject to the Court's personal jurisdiction at least due to their distribution of products and/or services within Texas and the Western District of Texas. Within this state, Defendants have used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. BL developed the TikTok app, placed the app in the stream of commerce, and acting in concert with TI, TPL, and BI, caused the app to be distributed in this District with the intent that it be used pursuant to the instructions, videos, and commentary provided by Defendants. In addition, Defendants have derived revenues from their infringing acts occurring within the Western District of Texas. Further, Defendants are subject to the Court's jurisdiction because Defendants solicit and provide products and/or services to persons or entities in Texas and the Western District of Texas as evidenced by: (i) regularly doing or soliciting business; (ii) engaging in other persistent courses of conduct; and (iii) deriving substantial revenue from goods and services. Defendants have committed such purposeful acts and transactions in Texas such that it reasonably should know and expect that it could be haled into this Court because of such activity.

47. Relative to patent infringement, Defendants have committed and continue to commit acts in violation of 35 U.S.C. § 271, and have made and used the infringing system in this state, including in this District, and otherwise engaged in infringing conduct within and directed at, or from, this District. Such infringing system, namely the TikTok "recommendation system," has been and continues to be used in this District and the infringing conduct has caused, and

continues to cause, injury to 10Tales, including injury suffered in this District. These are purposeful acts and transactions in this state and this District such that Defendants reasonably should know and expect that it could be haled into this Court because of such activities.

48. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) for at least the reasons set forth above, including but not limited to: a substantial part of the events or omissions giving rise to the 10Tales claims occurred in this District; Defendants have committed acts of infringement in this District; and Defendants have a regular and established place of business in this District. Defendants TI and BI are registered to do business in the State of Texas,[4] and on information and belief, have transacted business in this District and have committed acts of infringement in this District. Defendants conduct business in this District, including using the infringing system in this District, and inducing TikTok end users and customers to use the infringing system in this District. On information and belief, Defendants maintain offices in this District, hire and maintain employees in this District, and conduct business in this District consistent with their substantial physical presence in this District.

49. TPL and BL are foreign corporations, and venue is therefore proper in this District because pursuant to 28 U.S.C. § 1391(c)(3), foreign defendants are subject to venue in any district in the United States for this additional reason.

---

[4] On August 14, 2020, TI filed a Statement of Change of Registered Office / Agent with the Texas Secretary of State and identifying a registered agent business address in Austin, Texas, signed by Zhao Liu as president of TI. Exh. 39. On January 7, 2020, BI filed an Application for Registration of a Foreign For Profit Corporation with the Texas Secretary of State and again identifying a registered agent in Austin, Texas, signed by Zhao Liu as director of BI and certified by Blake Chandlee. Exh. 40. And again, on January 13, 2020, BI filed a Certificate of Correction with the Texas Secretary of State, signed by Blake Chandlee and listing Blake Chandlee and Zhao Liu as "directors" of BI. Exh. 41.

**COUNT I – INFRINGEMENT OF THE '030 PATENT**

50. 10Tales re-alleges and incorporates by reference the allegations set forth in paragraphs 1-49 as if fully set forth herein.

51. On October 7, 2014, the '030 patent, entitled "Method, System and Software for Associating Attributes within Digital Media Presentations" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '030 patent is attached as Exhibit 1.

52. 10Tales is the owner of the '030 patent by virtue of an assignment effective as of March 29, 2015. A true and correct copy of that assignment agreement is attached as Exhibit 42.

53. Pursuant to 35 U.S.C. § 282, the '030 patent is presumed valid.

54. Defendants have knowledge of the '030 patent since at least upon the date the marking was posted on 10Tales' mobile device apps for iOS and Android, which was on or before June 23, 2020.

55. Defendants have had knowledge of the '030 patent since at least upon the date the marking was posted on http://10tales.co/, which was on or before June 23, 2020.

***Direct Infringement (35 U.S.C. § 271(a))***

56. Use of the TikTok app in this District constitutes direct infringement of one or more claims of the '030 patent.

57. Defendants have been and now are directly infringing the '030 patent within the United States by making and using systems that infringe, either directly or under the doctrine of equivalents, at least claim 1 of the '030 patent, including, *inter alia*, the "recommendation system" used in connection with the TikTok "For You" feed.

58. Claim 1 of the '030 patent claims a server-based system that associates user attributes with digital media attributes and creates a user-specific composite digital media display.

59. The system in claim 1 of the '030 patent reflects technological improvements upon the state of the art at the time. The technological improvements and solutions described and claimed in the '030 patent were not conventional or generic at the time of their respective inventions. The inventions set forth in the claims of the '030 patent involved novel and nonobvious approaches to the problems and shortcomings prevalent in the art at the time. The inventions claimed in the '030 patent involve and cover more than just the performance of well-understood, routine, and/or conventional activities known to the industry prior to the invention of the methods, systems, and devices by the '030 patent inventor.

60. For example, one significant improvement over the prior art was the teaching of analyzing how a user interacts with other users in an online social network in order to determine that user's affinity for certain digital media content, and then teaching the use of a rule based algorithm to use this information to create a user-specific composite digital media display for a particular user.

61. Upon information and belief, the "recommendation system" that Defendants both commercially make and use in the United States and in this District in order to generate the user-specific "For You" feeds does precisely what is claimed by the system of the '030 patent and constitutes an act of direct infringement of at least claim 1 of the '030 patent.

62. First, according to Defendants' own representations and as evidenced by Exhibit 43, one of the "defining features of the TikTok platform" is the fact that each "For You" feed is a user-specific composite digital media display—that is, "each person's feed is unique and tailored

to that specific individual." *See, e.g.*, Exh. 43 (June 18, 2020, news post from Defendants' web site entitled "How TikTok recommends videos #ForYou"). According to Defendant:

> When you open TikTok and land in your For You feed, you're presented with a stream of videos curated to your interests, making it easy to find content and creators you love. **This feed is powered by a recommendation system that delivers content to each user that is likely to be of interest to that particular user**. Part of the magic of TikTok is that there's no one For You feed – while different people may come upon some of the same standout videos, **each person's feed is unique and tailored to that specific individual**.

*See id.* (emphasis added).

63. Defendants also acknowledge that their "recommendation system" makes use of user attributes from a social network system, such as information about content that the user shares with others, accounts the user follows, and comments the user posts in order to select specific video clips (user-specific digital media assets) to include in the user-specific feed (user-specific composite digital media display). *Id.*

64. Additionally, as evidenced by Exhibit 44, when a user chooses to link to or sign up for TikTok using that user's social network (such as Facebook, Twitter, Instagram, or Google), Defendants' recommendation system collects user attribute information from these social media services, including the user's contact lists for these services and information relating to the user's use of those services. *See* Exh. 44 (Defendants' privacy policy). Upon information and belief, Defendants' "recommendation system" uses these user attributes collected from the social media services in rule based algorithms to select the video clips to include in the user's "For You" feed which Defendants' recommendation system tailors for that specific individual.

65. Defendants make the infringing system in the United Stated by loading source code and/or programming instructions, including Defendants' recommendation engine or digital media assets (including media assets that Defendants refer to as "user content") onto computer-readable

storage medium that is operably connected to servers that Defendants either own or lease, and thus directly infringe at least claim 1 of the '030 patent.

66. Defendants also directly infringe at least claim 1 of the '030 patent by using the infringing system in the United States, at least for testing of Defendants' recommendation algorithm and for testing Defendants' safety and security practices. When performing such testing, Defendants control and benefit from each claimed component of the patented invention, thus directly infringing at least claim 1 of the '030 patent.

***Indirect Infringement (35 U.S.C. §§ 271(b))***

67. Defendants provide mobile device apps for iOS and Android to their users, including to users in this District, who install those apps on their mobile devices, such as smartphones and tablets. Similarly, TikTok's webpage, https://www.tiktok.com/en, directs end users and customers to download the app and/or to interact with the "For You" feed instantaneously.

68. TikTok end users and customers put the infringing system as a whole inter service, that is, TikTok end users and customers control the system as a whole and obtain benefit from it, *inter alia*, the end users and customers download and run the TikTok app on a mobile device and select the "For You" feed, and/or access the "For You" feed from a web browser, linking the user to https://www.tiktok.com/foryou.

69. Defendants have had actual notice that their recommendation system infringes the '030 patents since at least September 2, 2020, when Defendants received a copy of the original Complaint. After Defendants had actual notice that use of their recommendation system to view the "For You" feed infringes '030 patent, Defendants continued to market the TikTok app with instructions to end users and customers to use the accused system in an infringing manner.

70. By way of example, Defendants inform TikTok end users and customers that the "For You" feed is "central to the TikTok experience and where most of our users spend their time." *See* Exh. 43. Similarly, Defendants also inform users that "[t]he For You feed is one of the defining features of the TikTok platform[.]" *See id.* Additionally, when an end user or customer goes directly to the tiktok.com website or when the user first opens the TikTok app on a mobile device, the user is directed to the "For You" feed.

71. Directly or through their agents, Defendants have also provided the TikTok app to end users and customers in this District and have actively encouraged and induced them to use the app in this District by, *inter alia*, distributing instructions on how to use the app, providing video and other tutorials on how to use the app, and by promoting the downloading and use of the app in the United States, including within this District, thereby constituting indirect infringement of one or more claims of the '030 patent.

72. Despite having knowledge (or being willfully blind to the fact) that use of the TikTok app and webpage infringes the '030 patent, Defendants have specifically intended, and continue to specifically intend, for persons who acquire and/or use the TikTok "recommendation system," including TikTok end users and customers, to use the TikTok app and webpage in a way that results in infringement of, at least, claim 1 the '030 patent.

73. Defendants therefore have been and are inducing infringement of the '030 patent by actively and knowingly inducing others to use the recommendation system that embody or use the invention claimed in the '030 patent, in violation of 35 U.S.C. § 271(b).

74. As a result of their infringement of the '030 patent, Defendants have damaged and continue to cause damage to 10Tales. Defendants are liable to 10Tales in an amount to be determined at trial that adequately compensates 10Tales for the infringement, which by law can

be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

75. By the time of trial, Defendants will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of, at least, claim 1 of the ’030 patent.

76. Defendants have known of the existence of the ’030 patent, and their acts of infringement have been willful and in disregard for the ’030 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Alternatively, Defendants were and are willfully blind to the ’030 patent and the risk of infringement.

77. Defendants’ infringement has been, and continues to be knowing, intentional, and willful.

**PRAYER FOR RELIEF**

10Tales respectfully requests that the Court enter judgment in 10Tales’ favor ordering, finding, declaring, and/or awarding 10Tales relief as follows:

A. A judgment in favor of 10Tales that Defendants have infringed claim 1 of the ’030 patent, whether literally or under the doctrine of equivalents, and/or actively induced infringement of the ’030 patent, in violation of 35 U.S.C. §§ 271(a) and (b);

B. Awarding 10Tales its damages suffered as a result of Defendants’ infringement of the ’030 patent, including pre-judgment and post-judgment interest and supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

C. Awarding 10Tales enhanced damages pursuant to 35 U.S.C. § 284;

D. Awarding 10Tales its costs and expenses;

E. Declaring this is an exceptional case awarding 10Tales its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. Granting 10Tales such other equitable relief which may be requested and to which 10Tales is entitled; and

G. Granting such further relief as the Court finds appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), 10Tales requests a jury trial of all issues triable of right by a jury.

Dated: December 10, 2020

Respectfully submitted,

By: *_/s/ William E. Davis, III_*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Barry P. Golob (admitted *pro hac vice*)
bgolob@cozen.com
Thomas J. Fisher (admitted *pro hac vice*)
tfisher@cozen.com
COZEN O'CONNOR
1200 Nineteenth Street, NW
Washington, D.C. 20036
Telephone: (202) 912-4800
Facsimile: (202) 861-1905

Attorneys for Plaintiff 10Tales Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(A) on December 10, 2020, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

/s/_William E. Davis, III__
William E. Davis, III