SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
ERICKA J. SCHULZ, Cal. Bar No. 246667
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691
E mail skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
eschulz@sheppardmullin.com

Attorneys for TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| 10TALES, INC.,<br>Plaintiff,<br>v.<br>TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., AND BYTEDANCE INC.<br>Defendants. | Case No. 3:21-cv-03868-YGR<br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**<br>The Hon. Yvonne Gonzalez Rogers<br>**JURY TRIAL DEMANDED** |

TikTok Inc. ("TTI"), TikTok Pte. Ltd. ("TTPL"), ByteDance Ltd. ("BDL"), ByteDance Inc. ("BDI") (collectively "Defendants") submit their answer, affirmative defenses, and counterclaims in response to Plaintiff 10Tales, Inc.'s ("10Tales") Amended Complaint as follows:

## ANSWER[1]

Defendants deny all allegations in the Amended Complaint except for those specifically admitted below.

[1] Headings are provided for convenience only and are not an admission.

## NATURE OF THE ACTION

1. Defendants admit that this is an action for alleged patent infringement of U.S. Patent No. 8,856,030 ("the '030 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* Defendants admit that, on its face, U.S. Patent No. 8,856,030 appears to be entitled "Method, System and Software for Associating Attributes within Digital Media Presentations."

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, and therefore deny them.

3. Defendants admit that 10Tales alleges infringement of at least claim 1 of the '030 patent. Defendants deny the remaining allegations in Paragraph 3 of the Amended Complaint.

## THE PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Amended Complaint, and therefore deny them.

5. TTI admits that it is a company incorporated in California. TTI admits that it had a registered agent for service of process in the Western District of Texas at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Admitted.

7. BDL admits it is a Cayman Islands registered company. Defendants deny the remaining allegations of Paragraph 7 of the Amended Complaint.

8. BDI admits that it is a company incorporated in Delaware. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is

required, Defendants deny the remaining allegations in Paragraph 8 of the Amended Complaint.

**DEFENDANTS, TTI USERS, AND THIS DISTRICT**

9. BDL admits that TTI, TTPL, and BDI are direct or indirect wholly-owned subsidiaries of BDL. Defendants deny the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10. BDL admits it is a Cayman Islands registered company. Defendants deny the remaining allegations of Paragraph 10 of the Amended Complaint.

11. Denied.

12. Defendants admit that the TikTok app is "a mobile software application and online communication forum used by over 100 million Americans." *See TikTok, Inc. v. Donald J. Trump et al.,* Civ. Act. No. 1:20-cv-2658, ECF No. 1, ¶ 1 (Sept. 23, 2020). Defendants admit that the TikTok app is used in the United States, including the Western District of Texas.[2] Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Amended Complaint, and therefore deny them.

13. BDL admits that it is the current owner of U.S. trademark registrations nos. 6069518, 5981213, 5981212, 5653614, and 5974902 and application serial nos. 88386254, 88386243, and 88260950. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Amended Complaint, and therefore deny them.

14. BDL admits that TTI, TTPL, and BDI are direct or indirect wholly-owned subsidiaries of BDL. Defendants are without knowledge or information sufficient to form

[2] The Amended Complaint was filed in the Western District of Texas, the caption of the Amended Complaint is directed to the Western District of Texas, and the body of the complaint regularly uses "this District" in reference to the Western District of Texas. Therefore, Defendants have responded to all allegations accordingly. However, Defendants admit that venue is proper in the Northern District of California.

a belief as to the truth of the remaining allegations of Paragraph 14 of the Amended Complaint, and therefore deny them.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Amended Complaint, and therefore deny them.

16. Paragraph 16 recites a legal conclusion, and thus, no response is required. To the extent there are any allegations in Paragraph 16 that are not legal conclusions, they are denied.

17. Defendants admit that Exh. 14 of the Amended Complaint is the declaration of Vanessa Pappas dated September 23, 2020, submitted in the matter of *TikTok Inc. and Bytedance Ltd. v. Donald Trump, et al.* and that 10Tales has accurately quoted that declaration. Defendants admit that Exh. 15 of the Amended Complaint is a declaration of Roland Cloutier dated September 19, 2020, in the matter of *TikTok Inc. and Bytedance Ltd. v. Donald Trump, et al*. TTI admits that Erich Anderson is the Global General Counsel for TTI. BDL admits that Zhang Yiming is a founder of BDL. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Amended Complaint, and therefore deny them.

18. Defendants admit that the quoted text (absent emphasis) in this paragraph accurately quotes text from Exhibit 18 and Exhibit 19. Defendants admit that Exhibit 17 uses the term "Brand Partnership Manager" and "TikTok." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Amended Complaint, and therefore deny them.

19. Defendants admit that Exhibits 21A, 21B, 22A, and 22B appear to be printouts of webpages taken from the www.glassdoor.com and www.bytedance.com domains. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Amended Complaint, and therefore deny them.

20. To the extent this paragraph recites a legal conclusion, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Amended Complaint, and therefore deny them.

21. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, the allegations in Paragraph 21 are denied.

22. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, the allegations in Paragraph 22 are denied.

23. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, the allegations in Paragraph 23 are denied.

24. Denied.

25. Defendants admit that the TikTok app is used in the United States, including within the Western District of Texas. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Amended Complaint, and therefore deny them.

26. Denied.

27. Defendants admit that, at least as of the date of the document attached to the Amended Complaint as Exhibit 23, BDI and TTI were "the only companies in the United States responsible for developing, providing, and supporting the" TikTok App, as stated in Exhibit 23 to the Amended Complaint. To the extent there are any remaining allegations in Paragraph 27, they are denied.

28. Defendants admit that on July 8, 2020, the Apple "App Store Preview" listed TTI for the TikTok app. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Amended Complaint, and therefore deny them.

29. Defendants admit that clicking on the "Privacy Policy" on July 8, 2020 brings up a page stating that "TikTok (the 'Platform')" is "provided and controlled by

TikTok Inc." To the extent there are any remaining allegations in Paragraph 29, they are denied.

30. Denied.

31. Defendants admit that the Terms of Service state that by "accessing or using" the TikTok app, the user "confirm[s] that [they] can form a binding contract with TikTok, that [they] accept th[o]se terms and that [they] agree to comply with them." To the extent there are any remaining allegations in Paragraph 31, they are denied.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint, and therefore deny them.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint, and therefore deny them.

34. TTI and BDL admit that on August 24, 2020, they filed a complaint in the Central District of California against Donald J. Trump, Wilbur L. Ross, Jr., and the U.S. Department of Commerce. Defendants admit that on August 24, 2020, a press release issued entitled "Why are we suing the Administration." Defendants deny any remaining allegations set forth in Paragraph 34 of the Amended Complaint.

## JURISDICTION AND VENUE

35. Defendants admit that the Amended Complaint purports to be an action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

36. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 36.

37. Since the filing of the Amended Complaint, this action was transferred from the Western District of Texas to the Northern District of California. See ECF No. 88. For the purpose of this action only, and without waiving any rights to object to, or otherwise

challenge, personal jurisdiction in other actions, Defendants respond that they do not contest the Court's exercise of personal jurisdiction over them in the Northern District of California. To the extent this paragraph recites a legal conclusion, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and therefore deny them.

38. Since the filing of the Amended Complaint, this action was transferred from the Western District of Texas to the Northern District of California. See ECF No. 88. For the purpose of this action only, and without waiving any rights to object to, or otherwise challenge, personal jurisdiction in other actions, Defendants respond that they do not contest the Court's exercise of personal jurisdiction over them in the Northern District of California. Defendants deny that they have committed any acts of infringement in this or any judicial district. To the extent this paragraph recites a legal conclusion, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore deny them.

39. Defendants admit the TikTok application is an entertainment platform. To the extent there are any remaining allegations in Paragraph 39, they are denied.

40. Defendants admit the TikTok application has been downloaded over 175 million times within the United States. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Amended Complaint, and therefore deny them.

41. Denied.

42. TTI admits that it filed an application for Registration of a Foreign For Profit Corporation with the Texas Secretary of State. Defendants admit Exhibit 38 to the Amended Complaint appears to be a printout of a news article from CBS Austin and that Paragraph 42 of the Amended Complaint accurately quotes Exhibit 38. To the extent there are any remaining allegations in Paragraph 42, they are denied.

43. BDI admits that it has hired employees in the Western District of Texas. To the extent there are any remaining allegations in Paragraph 43, they are denied.

44. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 44.

45. Since the filing of the Amended Complaint, this action was transferred from the Western District of Texas to the Northern District of California. See ECF No. 88. For the purpose of this action only, and without waiving any rights to object to, or otherwise challenge, personal jurisdiction in other actions, Defendants respond that they do not contest the Court's exercise of personal jurisdiction over them in the Northern District of California. Defendants deny that they have committed any acts of infringement in this or any judicial district. To the extent this paragraph recites a legal conclusion, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore deny them.

46. Since the filing of the Amended Complaint, this action was transferred from the Western District of Texas to the Northern District of California. See ECF No. 88. For the purpose of this action only, and without waiving any rights to object to, or otherwise challenge, personal jurisdiction in other actions, Defendants respond that they do not contest the Court's exercise of personal jurisdiction over them in the Northern District of California. Defendants deny that they have committed any acts of infringement in this or any judicial district. To the extent this paragraph recites a legal conclusion, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore deny them.

47. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 47.

48. Since the filing of the Amended Complaint, this action was transferred from the Western District of Texas to the Northern District of California. See ECF No. 88. For the purpose of this action only, and without waiving any rights to object to, or otherwise challenge, personal jurisdiction in other actions, Defendants respond that they do not

contest venue in the Northern District of California. Defendants deny that they have committed any acts of infringement in this or any judicial district. To the extent this paragraph recites a legal conclusion, no response is required. TTI admits it is registered with the Texas Secretary of State. BDI admits it is registered with the Texas Secretary of State. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and therefore deny them.

49. TTPL admits it is incorporated outside of the United States. BDL admits it is incorporated outside of the United States. Defendants also admit that 28 U.S.C. § 1391(c)(3) states that "a defendant not resident in the United States may be sued in any judicial district." To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 49.

**COUNT I - INFRINGEMENT OF THE '030 PATENT**

50. Defendants restate and incorporate by reference their responses to the allegations contained in Paragraphs 1-49 above as if fully set forth herein.

51. Defendants admit that 10Tales claims Exhibit 1 is a true and correct copy of the '030 patent, which indicates that it was issued on October 7, 2014. Defendants admit that the '030 patent is entitled "Method, System, and Software for Associating Attributes with Digital Media Presentations." Defendants deny the remaining allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Amended Complaint, and therefore deny them.

53. Defendants admit that 35 U.S.C. § 282 states that "[a] patent shall be presumed valid." To the extent the remaining allegations in this paragraph recite a legal conclusion, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 53.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendants admit that the statements quoted in Paragraph 62 accurately reflect what 10Tales has attached as Exhibit 43 to the Amended Complaint. Defendants deny the remaining allegations set forth in Paragraph 62 of the Amended Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendants admit that they provide mobile device apps for iOS and Android. Except as otherwise specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 67 of the Amended Complaint.

68. Denied.

69. Denied.

70. Defendants admit that the statements quoted in Paragraph 70 is an accurate quote of what 10Tales has attached as Exhibit 43 to the Amended Complaint. Defendants deny the remaining allegations set forth in Paragraph 70 of the Amended Complaint.

71. Denied.

72. Denied.

73. To the extent this paragraph recites a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**AFFIRMATIVE DEFENSES**

Without admitting that it bears the burden of proof as to any of them, Defendants assert the following affirmative defenses:

**AFFIRMATIVE DEFENSE NO. 1**

**(Failure to State a Claim)**

The Amended Complaint, and each cause of action therein, fails to state any claims against Defendants upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2**

**(Non-Infringement)**

Defendants have not directly or indirectly infringed, literally or under the doctrine of equivalents, or contributed to or induced the infringement of any valid and enforceable claim of U.S. Patent No. 8,856,030 ("the '030 patent"), and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**AFFIRMATIVE DEFENSE NO. 3**

**(Invalidity)**

10Tales' claims are barred because each and every asserted claim of the '030 patent is invalid for failing to satisfy one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**AFFIRMATIVE DEFENSE NO. 4-5**

**(Prosecution History Estoppel and Disclaimer)**

Defendants have not and are not infringing any or all of the claims of the '030 patent at least due to statements, representations, admissions, elections, positions, disclaimers, concessions, failure to object, and/or filings made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '030 patent that, in part or collectively, constitute prosecution history estoppel and/or

prosecution disclaimer barring 10Tales from asserting that the claims of the patents encompass or are infringed by any product or activities of Defendants.

Defendants have not and are not infringing any or all of the claims of the ’030 patent at least due to statements, representations, admissions, elections, positions, concessions and filings made to the PTO during the prosecution of U.S. and/or foreign applications which purport to claim priority to the ’030 patent that, in part or collectively, constitute prosecution history estoppel barring 10Tales from asserting that the claims of the patents encompass or are infringed by any of Defendants products or activities.

**AFFIRMATIVE DEFENSE NO. 6**

**(Damages Barred by Lack of Notice)**

10Tales’ claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287(a).

**AFFIRMATIVE DEFENSE NO. 7**

**(No Costs)**

10Tales is barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

**AFFIRMATIVE DEFENSE NO. 8**

**(No Attorney Fees or Costs)**

10Tales is not entitled to any attorney’s fees and/or costs incurred in prosecuting this action under 35 U.S.C. § 285.

**AFFIRMATIVE DEFENSE NO. 9**

**(No Willful Infringement)**

Defendants have not willfully infringed the ’030 patent.

**AFFIRMATIVE DEFENSE NOS. 10-11**

**(Laches, unclean hands, equitable estoppel)**

10Tales’ claims are barred, in whole or in part, by the doctrine of laches, unclean hands, and/or equitable estoppel.

**AFFIRMATIVE DEFENSE NO. 12**

**(Reservation of Rights)**

Defendants reserve the right to add any additional defenses that discovery may reveal.

**COUNTERCLAIMS**

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Defendants and Counterclaimant Defendants hereby allege the following counterclaims against Plaintiff and Counterclaim-Defendant 10Tales.

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement and invalidity of one or more claims of Patent No. 8,856,030 ("the '030 patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. A copy of the '030 patent was attached to 10Tales' Complaint as Exhibit A.

**THE PARTIES**

2. Defendant TTI is a California corporation having its principal place of business at 5800 Bristol Parkway, Culver City, California 90230.

3. Defendant TTPL is a Singapore Corporation having its principal place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore 018960.

4. Defendant BDI is a Delaware corporation having its principal place of business at 250 Bryant Street, Mountain View, California 94041.

5. Defendant BDL is a company incorporated in the Cayman Islands.

6. Plaintiff 10Tales, Inc. is a Delaware corporation that maintains its principal place of business at 18 Coal Street, Middleport, Pennsylvania 17953.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to at least 28 U.S.C. §§ 1331, 1338(a), and the laws of the United States concerning patents, 35 U.S.C. §§ 1 *et seq*.

8. As determined by the Western District of Texas this action "could have been brought in" the Northern District of California, at least because "[n]either party contests that venue is proper in the [Northern District of California] and this case could have originally . . . been brought there." *See* ECF No. 88, at 3.

9. Further, upon information and belief, this Court has personal jurisdiction over 10Tales because 10Tales' Founder, Chief Executive Officer, and only employee, David Russek, has conducted frequent business in the Northern District of California specifically and California generally – including meetings on behalf of 10Tales, presentations, business relationships, and club meetings.

10. 10Tales filed a document with the United States PTO identifying a Northern District of California office in Menlo Park as its principal place of business. A true and correct copy of this document is attached hereto at Exhibit 1.

11. 10Tales filed a document with the California Secretary of State identifying a Northern District of California office in Menlo Park as its principal place of business. A true and correct copy of this document is attached hereto at Exhibit 2.

12. 10Tales filed a document with the Pennsylvania Secretary of State identifying a Northern District of California office in Menlo Park as its principal place of business. A true and correct copy of this document is attached hereto at Exhibit 3.

13. 10Tales filed a document with the Securities and Exchange Commission identifying a Northern District of California office in Menlo Park as its principal place of business. A true and correct copy of this document is attached hereto at Exhibit 4.

14. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391.

15. Venue is proper in the Northern District of California because 10Tales is a corporate entity with the capacity to sue and be sued in its common name, and is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

**COUNT I**

**(Declaration of Non-Infringement of U.S. Patent No. 8,856,030)**

16. Defendants restate and incorporate by reference their responses to the allegations contained in Paragraphs 1-16 above.

17. There is a dispute between the parties concerning whether Defendants infringe the ’030 patent.

18. 10Tales alleges that Defendants infringe claim 1 of the ’030 patent.

19. Defendants allege that they do not infringe any claim of the ’030 patent, either directly or indirectly, by contribution or inducement, nor under the doctrine of equivalents. Thus, there is a dispute between the parties concerning whether Defendants infringe the ’030 patent.

20. By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgement.

**COUNT II**

**(Declaration of Invalidity of U.S. Patent No. 8,856,030)**

21. Defendants restate and incorporate by reference their responses to the allegations contained in Paragraphs 1-21 above.

22. Defendants allege that one or more claims of the ’030 patent are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112 thereof.

23. An actual controversy therefore exists between the parties as to whether the claims of the ’030 patent are invalid.

24. By reason of the foregoing, an actual controversy exists between the parties and the dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgement.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues so triable in this action.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that:

A. 10Tales' Amended Complaint be dismissed with prejudice;

B. The '030 patent be held not infringed;

C. The '030 patent be held invalid;

D. The '030 patent be held unenforceable;

E. 10Tales be enjoined from asserting that Defendants, their officers, agents, representatives, stockholders, and/or customers infringe, contributorily infringe, or induce infringement of the claims of the '030 patent;

F. 10Tales be enjoined from bringing suit against any officers, agents, representatives, stockholders, and/or customers of Defendants alleging that they infringe, contributorily infringe, or induce infringement of the claims of the '030 patent;

G. This be declared an exceptional case pursuant to 35 U.S.C. § 285 and Defendants be awarded their attorneys' fees and costs (including expert fees); and

H. Defendants be awarded damages, costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: May 12, 2022

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Stephen S. Korniczky

STEPHEN S. KORNICZKY
MARTIN R. BADER
ERICKA J. SCHULZ
JASON MUELLER
MICHAEL J. HOPKINS
JAMES YOUNG HURT

*Attorneys for Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc.*