Nathan Dooley (SBN 224331)
COZEN O'CONNOR
601 Figueroa Street, Suite 370
Los Angeles, California 90017
Tel: 213-892-7933
Fax: 213-892-7999
Email: ndooley@cozen.com

Barry P. Golob (*Pro Hac Vice*)
Thomas J. Fisher (*Pro Hac Vice*)
COZEN O'CONNOR
1200 19TH Street, NW
Washington, DC 20036
Tel: 202-912-4800
Fax: 202-861-1905
Email: bgolob@cozen.com
tfisher@cozen.com

William E. Davis, III (*Pro Hac Vice*)
Rudolph (Rudy) Fink IV (*Pro Hac Vice*)
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Tel: 903-230-9090
Fax: 903-230-9661
Email: bdavis@davisfirm.com
rfink@davisfirm.com

Attorneys for Plaintiff
10TALES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| 10TALES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., TIKTOK PTE. LTD. BYTEDANCE LTD., AND BYTEDANCE INC.,<br><br>Defendants. | Case No. 4:21-cv-03868-YGR<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**<br><br>The Hon. Yvonne Gonzalez Rogers<br><br>**JURY TRIAL DEMANDED** |

Plaintiff 10Tales, Inc. ("Plaintiff" or "10Tales") by and through its undersigned counsel, hereby responds to the counterclaims of Defendants TikTok Inc. ("TTI"), TikTok Pte. Ltd. ("TTPL"), ByteDance Ltd. ("BDL) and ByteDance Inc. ("BDI") (collectively "Defendants"), as alleged in Defendants' Answer, Affirmative Defenses, and Counterclaims to First Amended Complaint. Except as expressly admitted, qualified or otherwise answered, 10Tales denies each and every allegation, assertion, and inference raised in Defendants' Counterclaims. Specifically, 10Tales responds to the assertions raised in Defendants' Counterclaims on a paragraph-by-paragraph basis as follows:

**NATURE OF THE ACTION**

1. 10Tales admits that Defendants' counterclaims are for declaratory judgment of noninfringement and invalidity of one or more claims of Patent No. 8,856,030 ("the '030 patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and that a copy of the '030 patent was attached to 10Tales' Complaint as Exhibit A, but denies that Defendants are entitled to the relief requested.

**THE PARTIES**

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**JURISDICTION AND VENUE**

7. Admitted.

8. Denied.

9. Denied.

10. 10Tales admits that Exhibit 1 to Defendants' counterclaims is a true and accurate copy of an assignment document that was filed with the United States PTO in 2015, and that in the Patent Assignment Agreement attached therein, 10Tales identified a Menlo Park, California address as its principal address at that time nearly seven years ago. 10Tales denies the remaining allegations in Paragraph 10 of Defendants' counterclaims.

11. 10Tales admits that Exhibit 2 to Defendants' counterclaims is a true and accurate copy of a Statement and Designation by Foreign Corporation that 10Tales filed with the California Secretary of State in 2015, and that in that filing nearly seven years ago, 10Tales identified a Menlo Park, California address as its Principal Executive Office at that time. 10Tales denies the remaining allegations in Paragraph 11 of Defendants' counterclaims.

12. 10Tales admits that Exhibit 3 to Defendants' counterclaim is a true and accurate copy of a Foreign Registration Statement that 10Tales filed with the Pennsylvania Department of State, Bureau of Corporations and Charitable Organizations in 2015, and that in that filing nearly seven years ago, 10Tales identified a Menlo Park, California address as its principal office at that time. 10Tales denies the remaining allegations in Paragraph 12 of Defendants' counterclaims.

13. 10Tales admits that Exhibit 4 to Defendants' counterclaim is a true and accurate copy of a Form D, Notice of Exempt Offering of Securities, that 10Tales filed with the United States Securities and Exchange Commission in 2015, and that in that filing nearly seven years ago, 10Tales identified a Menlo Park, California address as its Principal Executive Office at that time. 10Tales denies the remaining allegations in Paragraph 13 of Defendants' counterclaims.

14. Denied.

15. Denied.

**COUNT I**

**(Declaration of Non-Infringement of U.S. Patent No. 8,856,030)**

16. 10Tales reasserts and realleges its answers set forth in Paragraphs 1 through 15 as though fully set forth here.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied.

**COUNT II**

**(Declaration of Invalidity of U.S. Patent No. 8,856,030)**

21. 10Tales reasserts and realleges its answers set forth in Paragraphs 1 through 20 as

though fully set forth here.

22. Admitted.

23. Admitted.

24. Denied.

**DEMAND FOR JURY TRIAL**

10Tales admits that Defendants have demanded a trial by jury on all issues triable by jury in its counterclaims.

**DEFENDANTS' PRAYER FOR RELIEF**

10Tales denies that Defendants are entitled to any relief, whether sought in the Prayer for Relief or otherwise.

**DEFENSES**

Subject to the responses above, 10Tales alleges and asserts the following defenses in response to the allegations, undertaking a burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how those defenses are presented herein. 10Tales' investigation of its defenses is continuing, and 10Tales reserves its right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future become available to 10Tales based upon discovery and further investigation in this case.

**FIRST DEFENSE**

Defendants' counterclaims do not contain sufficient factual matter to state a claim for relief that is plausible on its face.

In Count II of Defendants' counterclaims, Defendants merely recite various sections of the patent statutes and then assert invalidity as a conclusion. Such allegations are insufficient to state a claim for which relief can be granted by this Court. *See J & K IP Assets, LLC v. Armaspec, Inc.*, 2018 WL 3428757, at *2 (N.D. Cal. July 16, 2018) (noting that "[counterclaim plaintiff] asserts counterclaims for declaratory judgment that the '424 patent is invalid as anticipated under 35 U.S.C. § 102 and obvious under 35 U.S.C. § 103, but it fails to include any allegations identifying prior art or explaining how that art anticipates or renders obvious any particular claims of the '424 patent");

*PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012) (noting that counterclaim plaintiff alleged only that "[o]ne or more claims of the '577 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, §§ 101, 102, 103, and/or 112," without more); *Xilinx, Inc. v. Invention Inv. Fund I LP*, 2011 WL 3206686, at *6–7 (N.D. Cal. July 27, 2011) (noting that declaratory judgment plaintiff "alleg[es] only that the patents fail 'to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112,'" without more).

Similarly, in Count I of Defendants' counterclaims, Defendants fail to allege even what systems, methods, or apparatus of Defendants that Defendants are seeking a declaration of non-infringement, or to allege any facts which would make it plausible that Defendants do not infringe claim 1 of the '030 patent. Moreover, Count I cannot be reconciled with Defendants' previous representation to the Court that Defendants are unable to understand and defend against 10Tales' patent infringement claims.

**SECOND DEFENSE**

To the extent that Defendants' counterclaim for a declaration of non-infringement is based on the same core of operative facts as 10Tales' claim for patent infringement, Defendants' counterclaim serves no useful purpose and should be dismissed. *See, e.g., Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013).

**THIRD DEFENSE**

Defendants filed a Petition for *Inter Partes* Review of U.S. Patent No. 8,856,030. The PTAB determined that Defendants had not established a reasonable likelihood that they would prevail with respect to at least one claim and denied institution. Defendants subsequently filed a motion for rehearing. Should the PTAB grant the request for rehearing and issue a final written decision under 35 U.S.C. § 318(a), Defendants will be barred pursuant to 35 U.S.C. § 315(e)(2) from asserting that the claims in the '030 patent are invalid on any ground the Defendants raised or could have raised during the *inter partes* review.

Dated: June 2, 2022

COZEN O'CONNOR

By: */s/ Nathan Dooley*
Barry P. Golob
Thomas J. Fisher
Nathan Dooley

THE DAVIS FIRM PC
William E. Davis, III
Rudolph (Rudy) Fink IV

Attorneys for Plaintiff
10Tales, Inc.