SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
ERICKA J. SCHULZ, Cal. Bar No. 246667
JAMES YOUNG HURT, Cal. Bar No. 312390
MICHAEL J. HOPKINS, Cal. Bar No. 326621
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691
E mail    skorniczky@sheppardmullin.com
          mbader@sheppardmullin.com
          eschulz@sheppardmullin.com
          jhurt@sheppardmullin.com
          mhopkins@sheppardmullin.com

Attorneys for Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 10TALES INC., | Case No. 5:21-cv-03868-VKD |
| Plaintiff, | **DEFENDANTS' NOTICE OF LODGING OF THE PATENT TRIAL AND APPEAL BOARD'S DENIAL OF REHEARING** |
| v. | Courtroom: 2 – 5th Floor |
| TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., | Judge:    Hon. Virginia K. DeMarchi |
| Defendants. | |

| | |
|---|---|
| 1 | PLEASE TAKE NOTICE that Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc. (collectively "Defendants") hereby lodge a copy of the Patent Trial and Board's denial of Defendants' Request for Rehearing under C.F.R. § 42.71 for U.S. Patent No. 8,856,030. |
| 5 | Dated: December 12, 2022 |
| 6 | By: /s/ Stephen S. Korniczky |

Stephen S. Korniczky, Cal. Bar No. 135532
Martin R. Bader, Cal. Bar No. 222865
Ericka J. Schulz, Cal. Bar No. 246667
James Young Hurt, Cal. Bar No. 312390
Michael J. Hopkins, Cal. Bar No. 326621

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA. 92130
T: 858.720.8900
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
eschulz@sheppardmullin.com
jhurt@sheppardmullin.com
mhopkins@sheppardmullin.com

*Attorneys for TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc.*

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

TIKTOK INC.,
Petitioner,

v.

10TALES, INC.,
Patent Owner.
_____

IPR2021-00476
Patent 8,856,030 B2
_____

Before SCOTT A. DANIELS, RICHARD H. MARSCHALL, and
FREDERICK C. LANEY, *Administrative Patent Judges*.

LANEY, *Administrative Patent Judge*.

DECISION
Denying Petitioner's Request for Rehearing
*37 C.F.R. § 42.71(d)*

I.  INTRODUCTION

TikTok Inc. ("Petitioner") filed a Petition requesting an *inter partes* review ("IPR") of claims 1 and 2 of U.S. Patent No. 8,856,030 B2 (Ex. 1001, "the '030 patent"). Paper 1 ("Pet."), 1. 10Tales, Inc. ("Patent Owner") filed a Preliminary Response (Paper 8, "Prelim. Resp."). And pursuant to our authorization, Petitioner filed a Reply and Patent Owner filed a Sur-reply. Paper 11; Paper 12.

After considering the parties' submissions and the evidence of record, the Board determined that Petitioner failed to demonstrate a reasonable likelihood that it would prevail with respect to either of the claims challenged in the Petition. Paper 13 ("Decision" or "Dec."). Dispositive of the Petition was Petitioner's failure to demonstrate sufficiently that the asserted prior art, either alone or in combination, discloses "retrieving user social network information from at least one source external to the presented first composite digital media display, wherein the user social network information contains one or more user attributes," element [1g] in claim 1 (which was the only independent claim challenged). Dec. 6. Accordingly, the Board denied institution of an *inter partes* review. *Id.* at 21.

Petitioner requests a rehearing. Paper 14 ("Request for Rehearing" or "Req. Reh'g"). Petitioner argues that a rehearing is warranted because the Decision is allegedly "based on at least two errors introduced through improper claim construction of the term 'user attributes,' and misapprehension of the *Reisman* prior art." Req. Reh'g 1. For the reasons explained below, Petitioner's request lacks merit. Hence, we deny the Request for Rehearing.

## II.  STANDRAD OF REVIEW

"The burden of showing a decision should be modified lies with the party challenging the decision."  37 C.F.R. § 42.71(d) (2021).  In a rehearing request, the party challenging the decision "must specifically identify" (1) "all matters the party believes the Board misapprehended or overlooked" and (2) "the place where each matter was previously addressed" in an earlier submission.  *Id.*; *see* Consolidated Trial Practice Guide at 90.[1]

"A rehearing request is not an opportunity for the requesting party to reargue its case or merely to express disagreement with the underlying decision."  *MicroSurgical Tech., Inc.* v. *Regents of Univ. of Colo.*, PGR2021-00026, Paper 14 at 2 (PTAB Aug. 12, 2021).  "Nor is it an opportunity for the moving party to present new arguments that were not in its original submissions."  *Id.*

"When rehearing a decision on petition, a panel will review the decision for an abuse of discretion."  37 C.F.R. § 42.71(c).  "An abuse of discretion occurs if a decision is based on an erroneous interpretation of law, if a factual finding is not supported by substantial evidence, or if the decision represents an unreasonable judgment in weighing relevant factors."  *Arnold P'ship* v. *Dudas*, 362 F.3d 1338, 1340 (Fed. Cir. 2004).

## III.  ANALYSIS

The "short" of Petitioner's basis for this rehearing request is that "had the Board not erred in the claim construction, the Board would have found that *Reisman's* 'buddy lists' are 'user attributes,' and that *Reisman* teaches

---

[1]  Available at https://www.uspto.gov/TrialPracticeGuideConsolidated.

claim element [1g]." Req. Reh'g 2. Although the Petition identified a proposed construction for "user attributes," Petitioner argues that "the Board declined to adopt it, or any other construction." *Id.* at 3. The Board was instead "misled" by Patent Owner, according to Petitioner, to "implicitly" adopt a construction that required "user attributes" to be sourced from a social network. *Id.* Petitioner argues that "'user attributes' has a much broader meaning in the specification and encompasses several embodiments for sourcing user attributes outside of a social network." *Id.* at 6. As support, Petitioner notes that there are several instances in the '030 patent Specification where "user attributes" are gathered using "conventional" methods. *Id.* at 7–9.

Additionally, Petitioner argues that "[t]he Board's analysis added to the claim a requirement that the 'social network' be external to the system." Req. Reh'g 10 (citing Dec. 16–17). Petitioner asserts that, during prosecution of the '030 patent, "[a]pplicant intentionally excluded only the 'presentation' as a source for user social network information, but the applicant did not intend to exclude 'the system.'" *Id.* at 11 (citing Ex. 1002, 102, 105). Petitioner asserts that "the very embodiments that the Board relies on depict the relevant *components* of the system, such as the 'online community 521' (*e.g.*, a social network) and 'group and social dynamics database 518,' as *internal* to the 'system' along with the server and other components (*e.g.*, 500–561)." *Id.* (citing Ex. 1001, Figs. 5A, 5B).

Petitioner's argument is unpersuasive because it is not commensurate with the scope of the claims. Arguing that "user attributes" do not need to be sourced from a social network, Petitioner ignores the express language of independent claim 1. In particular, the "retrieving limitation" in claim 1

recites "retrieving user social network information . . . wherein the user social network information contains one or more user attributes." Ex. 1001, 21:13–16. As is clear from this language, claim 1 only recites *retrieving* "user social network information;" notably, it does not recite retrieving user attributes. Instead, the "one or more user attributes" are only obtained through the retrieval of the "user social network information," which claim 1 recites must *contain* the user attributes. In other words, the plain meaning of the "retrieving limitation" to a skilled artisan requires the "user attributes" to be obtained (i.e., sourced) via the retrieval of user social network information. Therefore, we are not persuaded we erred by requiring the "user attributes" to be sourced from the retrieved user social network information.

Also contrary to Petitioner's argument, the Specification of the '030 patent is consistent with our understanding that the "social network" is external to the recited system. The Specification describes server 590, which is an embodiment of the disclosed invention, as a "digital medial narrative asset personalization *system*." Ex. 1001, 11:66–67 (emphasis added). The Specification describes that system as communicating with a separate external social network system, "an online community system 521," to retrieve user social network information that contains user attributes as follows: "The user 501 may participate in an online community *system* 521 in which the [digital medial narrative asset personalization system] 590 sends the user ID 520 to the online community *system* and receives lists of community user attributes 515 and active vs. inactive status 517." *Id.* at 12:22–26, Fig. 5A (emphasis added).

Having also thoroughly considered Petitioner's remaining arguments, we likewise find them equally unpersuasive. In those arguments, Petitioner argues that "[t]he Board's sole basis for denying the Petition is because *Reisman* purportedly failed to teach 'user attributes' as required by claim 1." Req. Reh'g 12; *see also id.* 13–15. This statement, however, demonstrates a fundamental misunderstanding of the Decision. The Decision does not rest on Petitioner failing to show Reisman discloses retrieving user attributes. In the Decision, we determined instead that Petitioner failed to show Reisman discloses "retrieving user social network information . . . wherein the user social network information contains one or more user attributes." Dec. 17–19. We are not persuaded by Petitioner's arguments that this determination was a result of an erroneous interpretation of law, an unsupported factual finding, or an unreasonable judgment in weighing relevant factors.

## IV. CONCLUSION

For all of the foregoing reasons, we determine Petitioner has failed to meet its burden of showing that we should modify our Decision.

## V. ORDER

Accordingly, it is:

ORDERED that Petitioner's request for rehearing is *denied*.

IPR2021-00476
Patent 8,856,030 B2

For PETITIONER:

Stephen Korniczky
Martin Bader
Ericka Schulz
Eric Gill
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
eschulz@sheppardmullin.com
egill@sheppardmullin.com


For PATENT OWNER:

Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC
rpg@fg-law.com