SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
ERICKA J. SCHULZ, Cal. Bar No. 246667
MICHAEL J. HOPKINS, Cal. Bar No. 326621
JAMES YOUNG HURT, Cal. Bar No. 312390
ZACHARY M. ALPER, Cal. Bar No. 339489
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691
Email:        skorniczky@sheppardmullin.com
              mbader@sheppardmullin.com
              eschulz@sheppardmullin.com
              mhopkins@sheppardmullin.com
              jhurt@sheppardmullin.com
              zalper@sheppardmullin.com

Attorneys for Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd. and ByteDance Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 10TALES INC., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., <br><br> Defendants. | Case No. 5:21-cv-03868-VKD <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF 10TALES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Date:       October 31, 2023 <br> Time:       10:00 a.m. <br> Courtroom:  2 – 5th Floor <br> Judge:      Hon. Virginia DeMarchi |

Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc. (collectively "Defendants") file this response in opposition to Plaintiff 10Tales Inc.'s ("10Tales") request for judicial notice. (ECF No. 215-2 ("Request")). 10Tales' Request should be denied because it is irrelevant to Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(c) and 35 U.S.C. § 101 (ECF No. 206 ("Motion to Dismiss")). *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying a request for judicial notice because the documents to be noticed were not relevant).

## I.     <u>10Tale's Request for Judicial Notice Should be Denied as Irrelevant</u>

10Tales' Request asks this Court to take judicial notice of documents from the prosecution history of the asserted patent, U.S. Patent No. 8,856,030 ("the '030 patent"). 10Tales uses these documents from the prosecution of the '030 patent to argue that the '030 patent is not ineligible under 35 U.S.C. § 101 ("§ 101"). *See* ECF No. 215. Specifically, 10Tales argues that claim 1 is not patent-ineligible under § 101 because during prosecution the examiner found that certain limitations were not disclosed by the prior art. *See id.* at 16, 17, 21-23. Additionally, although not specifically requested in its Motion for Judicial Notice, 10Tales also relies on statements made during the inter partes review ("IPR") of the '030 patent in front of the Patent Trial and Appeal Board ("PTAB"). *See id.* at 1,2, 6-10, 20-25. However, contrary to 10Tales' argument, these documents and arguments are irrelevant to the patent eligibility question at issue in Defendants' Motion to Dismiss. Accordingly, 10Tales' request for judicial notice should be denied.

Courts in the Ninth Circuit will deny requests for judicial notice when the documents for which notice is requested are irrelevant. *See Ruiz*, 160 F.3d at 548 n.13; *see also Brightedge Techs., Inc. v. Searchmetrics, GmbH*, 304 F. Supp. 3d 859, 874 n.8 (N.D. Cal. 2018). When assessing patent eligibility under § 101, courts utilize a test that is separate and distinct from the novelty and nonobviousness inquiries. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018) (citation omitted) ("The search for a § 101 inventive concept is thus distinct from demonstrating § 102 novelty."). It is irrelevant at least in part because "[a] claim for a new abstract idea is still an abstract idea." *Id.*; *see also Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1340 (Fed. Cir. 2017) ("Eligibility and novelty are separate inquiries."). Thus, the

prosecution history of the '030 patent and the PTAB's decisions in the IPR, which allegedly relates to the purported novelty and nonobviousness of the '030 patent, is irrelevant to Defendants' Motion to Dismiss. Moreover, the PTAB used a claim construction that is different than the claim construction issued in this case. Therefore, the prosecution history and PTAB decisions need not be judicially noticed.

Thus, for these reasons, courts in this District regularly deny requests for judicial notice of prosecution-related documents when deciding motions based on § 101. *See Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, No. 3:16-CV-02787-WHO, 2016 WL 6834614, at *3 (N.D. Cal. Nov. 21, 2016) (finding prosecution histories "not relevant to [the court's] determination on the motion to dismiss" based on § 101 and denying the request for judicial notice); *see also Brightedge*, 304 F. Supp. 3d at 874 n.4 (denying patentee's request for judicial notice of documents from Patent Trial and Appeal Board proceedings as irrelevant to the motion for judgment on the pleadings based on § 101); *Two–Way Media Ltd.*, 874 F.3d at 1339-40 (affirming the district court's decision to exclude evidence relating to novelty and obviousness as not relevant to "whether the claims were directed to eligible subject matter"). The same should apply here.

## II. Conclusion

For the foregoing reasons, Defendants respectfully request that 10Tales' request for judicial notice of excerpts from the prosecution history and the PTAB statements of the '030 patent (ECF No. 134-2) be denied.

Dated: October 17, 2023

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ Stephen S. Korniczky
Stephen S. Korniczky
Martin R. Bader
Ericka J. Schulz
Michael J. Hopkins
James Y. Hurt
Zachary M. Alper

*Attorneys for Defendants TikTok Inc., TikTok Pte Ltd., ByteDance Ltd. and ByteDance Inc.*