UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 10TALES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>TIKTOK INC., et al.,<br><br>    Defendants. | Case No. 21-cv-03868-VKD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 236 |

Defendants TikTok, Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance, Inc. (collectively "TikTok") move pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 for an award of their attorneys' fees incurred in successfully defending against plaintiff 10Tales, Inc.'s ("10Tales") patent infringement claim. Dkt. Nos. 236, 240. TikTok argues that 10Tales' pursuit of this litigation justifies a fee award in the amount of $4,856,824.20 and that 10Tales' counsel should be held jointly liable for TikTok's fees. 10Tales opposes the motion. Dkt. No. 239. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court denies TikTok's fees motion.

**I.     BACKGROUND**

In this action, 10Tales alleged TikTok infringed claim 1 of U.S. Patent No. 8,856,030 ("the '030 patent"), titled "Method, System and Software for Associating Attributes within Digital Media Presentations." 10Tales filed the action originally in the Western District of Texas. Dkt. No. 1. On TikTok's motion, the case was transferred to this district and assigned to Judge Gonzalez Rogers. Dkt. Nos. 88, 89.

Upon the parties' consent, this action subsequently was reassigned to the undersigned for

all purposes, including trial. 28 U.S.C. § 636; Fed. R. Civ. P. 72; Dkt. Nos. 174, 175. After holding a tutorial and a claim construction hearing (Dkt. Nos. 189, 190), the Court issued its claim construction order (Dkt. No. 204). The Court subsequently granted TikTok's Rule 12(c) motion for judgment on the pleadings, concluding that the '030 patent claimed ineligible subject matter under 35 U.S.C. § 101 and entered judgment in favor of TikTok. Dkt. Nos. 223, 224. 10Tales' appeal of this decision is pending before the Court of Appeals for the Federal Circuit. Dkt. No. 230.

## II. LEGAL STANDARD

### A. "Exceptional" Case under 35 U.S.C. § 285

A court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. Relevant considerations in assessing the totality of the circumstances may include "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id*. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Courts "may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id*. at 555. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. The moving party must establish its entitlement to a fees award by a preponderance of the evidence. *Id*. at 557-58.

### B. Sanctions under 28 U.S.C. § 1927

Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

2

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The determination whether sanctions are warranted under § 1927 is an issue of regional circuit law. *United Cannibis Corp. v. Pure Hemp Collective, Inc.*, 66 F.4th 1362, 1367 (Fed. Cir. 2023). In the Ninth Circuit, fees may be awarded under § 1927 upon a showing of "subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quotations and citation omitted); *see also Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (affirming that "sanctions are permissible when an attorney has acted recklessly if there is something more—such as an improper purpose."). While the Ninth Circuit has not addressed the burden of proof required for § 1927 sanctions, a finding of bad faith by clear and convincing evidence is sufficient. *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

### III.   DISCUSSION

For purposes of the present motion, it is undisputed that TikTok is the "prevailing party" under 35 U.S.C. § 285. TikTok argues that the present case is exceptional, warranting an award of attorneys' fees, because 10Tales continued to press a weak litigating position with respect to patent eligibility under 35 U.S.C. § 101 and otherwise litigated this case in an unreasonable manner. 10Tales responds that TikTok fails to show exceptional circumstances regarding 10Tales' § 101 position or that 10Tales engaged in any unreasonable, unprofessional, or otherwise sanctionable conduct.

TikTok maintains that that the '030 patent plainly claimed ineligible subject matter under § 101, in view of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014) and its progeny. While the Court granted TikTok's § 101 motion for judgment on the pleadings, the Court does not find it exceptional for 10Tales to have opposed that motion. Critiquing an adversary's position and offering counterarguments is "typical of the ordinary, unexceptional patent infringement case." *Realtime Adaptive Streaming, LLC v. Sling TV, LLC*, 113 F.4th 1348, 1358 (Fed. Cir. 2024). Moreover, "[s]imply being on notice of adverse case law and the possibility that opposing counsel would pursue § 285 fees does not amount to clear notice that [asserted patent] claims were

3

invalid[.]" *Id.* A fees award under § 285 is not meant as a penalty for weak arguments. *See Octane Fitness*, 572 U.S. at 548; *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020).

A closer call is presented by TikTok's argument that 10Tales took different positions, at various points in the litigation, concerning the necessity of claim construction regarding alleged, patent-eligible improvements over the prior art reportedly found in claim 1 of the '030 patent. In TikTok's view, 10Tales did so in an effort to unduly delay adjudication of the question of eligibility under § 101. 10Tales maintains that its claim construction position remained consistent from the outset of the litigation, noting that its essential contention has always been that those skilled in the art would understand the scope of claim 1 of the '030 patent based on the plain and ordinary meaning of the claim terms. *See* Dkt. No. 239 at 11-14; *see also* Dkt. No. 243 at 26-27.

10Tales misses the point. In successfully opposing TikTok's initial § 101 motion to dismiss, 10Tales argued to Judge Gonzalez Rogers that claim construction was necessary with respect to alleged "analyzing" and "algorithm" improvements that 10Tales maintained were found in claim 1 of the '030 patent. *See* Dkt. No. 145 at 19-21, 23-24; *see also* Dkt. No. 1 ¶ 25; Dkt. No. 28 ¶ 60, Dkt. No. 134; Dkt. No. 148. Judge Gonzalez Rogers denied TikTok's initial § 101 motion without prejudice, concluding that a § 101 determination should wait until after claim construction. *See* Dkt. No. 156. However, in the subsequent claim construction proceedings following reassignment to the undersigned, 10Tales did not argue for a construction of the "retrieving" term that included "analyzing," or for a construction that claim 1 of the '030 patent requires the use of an "algorithm." And the Court did not construe the patent to require those elements. *See* Dkt. No. 204. Yet, in opposing TikTok's renewed § 101 motion for judgment on the pleadings, 10Tales once again argued that the '030 patent provided technological improvements including "analyz[ing] how that user interacts with other users in an online social network," and the use of "a rule based algorithm." Dkt. No. 215 at 15, 16. As discussed in the Court's order granting TikTok's renewed § 101 motion for judgment on the pleadings, none of these alleged "improvements" is actually claimed in the '030 patent. *See* Dkt. No. 223 at 9-11. On this record, the Court cannot find that it was reasonable for 10Tales to insist on claim

4

construction proceedings prior to a ruling on the issues raised in TikTok's § 101 motions.

While the Court does not condone 10Tales' shifting positions on the need for claim construction regarding the alleged "analyzing" and "algorithm" improvements, it also does not find that 10Tales' conduct rises to a level sufficient to render this case exceptional. Although TikTok maintains that 10Tales' shifting positions were contrived in order to unduly delay adjudication of the question of § 101 eligibility, the § 101 issue was resolved before the parties conducted merits discovery, filed any other dispositive motions, or otherwise engaged in substantial activities required to prepare the action for trial.[1]

TikTok also cites several examples of other misconduct that it argues 10Tales undertook in order to postpone an adverse § 101 determination. First, TikTok maintains that 10Tales opportunistically chose to file this suit in the Western District of Texas. But the record does not support a finding that 10Tales' choice of venue was improper. Indeed, Judge Albright transferred the matter to this district, not due to a defect in venue, but for convenience. *See* Dkt. No. 88. Second, TikTok complains about the volume of venue-related discovery 10Tales pursued while the case was pending in the Western District of Texas. The Court finds no basis to conclude that 10Tales violated any rule or order in pursuing that discovery. Third, TikTok argues 10Tales failed to cooperate in the preparation of the parties' joint claim construction statement and then belatedly and unilaterally filed a statement that contained 10Tales' correction of a so-called "scrivener's error," which 10Tales filed without TikTok's consent and mischaracterized as a "joint" filing. The Court considered and addressed the parties' disagreement regarding 10Tales' filing in its claim construction order. As the order notes, TikTok ultimately was not prejudiced by 10Tales' correction of the purported "scrivener's error." *See* Dkt. No. 204 at 14 n.5. Finally, TikTok points to other less serious conduct, including 10Tales' disclosure of TikTok's confidential interrogatory responses that TikTok says it inadvertently did not designate as confidential, and 10Tales' filing of a "joint" request for an extension of time that TikTok insists it did not "join," but which TikTok also did not oppose. However, it is not apparent that TikTok was seriously prejudiced (if at all) or

---

[1] With the agreement of the parties, and pursuant to court order, discovery and other matters were stayed. *See* Dkt. Nos. 141, 161, 208.

5

1  that these missteps were anything more than careless errors.

2  As it must, the Court considers the totality of the circumstances presented. While it is not
3  difficult to find fault with aspects of 10Tales' litigation conduct, "'post-*Octane* decisions awarding
4  fees have generally cited egregious behavior' as the litigation conduct necessary to support a fees
5  award." *Dropbox, Inc. v. Synchronoss Techs., Inc.*, No. 18-cv-03685-LHK, 2019 WL 3804640, at
6  *3 (N.D. Cal. Aug. 13, 2019) (quoting *Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 11-cv-
7  06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015)). The totality of circumstances
8  does not support a finding that 10Tales' conduct rose to such a level, or that the present case is
9  "the rare case" that "stands out from others" as "exceptional," so as to justify an award of fees
10 under § 285. *Octane Fitness, LLC*, 572 U.S. at 554, 555; *Vasudevan Software*, 2015 WL 4940635
11 at *6. Accordingly, the Court, in its discretion, denies TikTok's motion for an award of fees under
12 § 285.

13 TikTok also cites 28 U.S.C. § 1927 as a basis to hold 10Tales' counsel liable for fees, as
14 well as a basis to argue that there has been independently sanctionable conduct. For the reasons
15 discussed above, the Court does not find that this case is exceptional under § 285. As TikTok has
16 not presented any additional arguments specific to the issue of a § 1927 fees award against
17 10Tales' counsel, TikTok's motion for fees under § 1927 is also denied.

## IV.  CONCLUSION

Based on the foregoing, TikTok's motion for an award of fees under 35 U.S.C. § 285 and
28 U.S.C. § 1927 is denied.

**IT IS SO ORDERED.**

Dated: November 12, 2024

*[signature]*
Virginia K. DeMarchi
United States Magistrate Judge